## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| LYNNE WELLS ) | |
| 11610 Crofton Road ) | |
| Garfield Heights, OH 44125 ) | |
| ) | Case No |
| Plaintiff, ) | |
| ) | JURY DEMAND ENDORSED HEREON |
| v. ) | |
| ) | VERIFIED CIVIL COMPLAINT |
| PREMIER RECOVERY GROUP ) | (Unlawful Debt Collection Practices) |
| 191 North Street, Suite 8 ) | |
| Buffalo, NY 14216 ) | |
| ) | |
| Defendant. ) | |

## **VERIFIED COMPLAINT**

LYNNE WELLS (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against PREMIER RECOVERY GROUP (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

PLAINTIFF'S VERIFIED COMPLAINT

1

## PARTIES

5. Plaintiff is a natural person who resides in Garfield Heights, Cuyahoga County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a debt collector with an office in Buffalo, New York.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Upon information and belief, Defendant is collecting from Plaintiff on a debt owed to Cashnet in the amount of approximately $1,100.00.

11. On August 11, 2010, Defendant began placing collection calls to Plaintiff from 866-364-6516 and 716-953-3013.

12. Defendant's representative, Richard Kefer ("Kefer"), identified himself as a "lead investigator" from the "judgment and claims department" regarding "Case Number 58631." *See* Transcribed voicemails attached as Exhibit "A."

13. Kefer called a second time informing that he needed to speak with Plaintiff's legal representative or he would send information to her employer and report this on Plaintiff's credit. *See* Exhibit "A."

14. Defendant's representative, Mrs. Ford ("Ford"), identified herself as being from the "judgment and claims department," and informed Plaintiff on two separate voicemail messages left at Plaintiff's home and one voicemail message left at Plaintiff's place of employment that she would forward information to her employer "by the end of the day." *See* Exhibit "A."

15. Defendant's representative, Rebecca White ("White"), informed Plaintiff in two voicemail messages that there was check fraud against Plaintiff's name and stated Plaintiff's social security number.

16. Upon information and belief, Defendant has not sent information to Plaintiff's employer.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of Plaintiff's alleged debt.

    b. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken against Plaintiff.

    c. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff, LYNNE WELLS respectfully requests judgment be entered against Defendant, PREMIER RECOVERY GROUP, for the following:

18. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, LYNNE WELLS, requests a jury trial in this case.

RESPECTFULLY SUBMITTED,


By: /s/ Peter Cozmyk
      Peter Cozmyk,
      Attorney for Plaintiff

Ohio Registration No. 0078862
Krohn & Moss, Ltd.
3 Summit Park Drive
Suite 140
Independence, Ohio 44131
phone: (216) 901-0609
fax: (866) 425-3459
e-mail: pcozmyk@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

Plaintiff, LYNNE WELLS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LYNNE WELLS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_9-11-10_
Date

_Lynne Wells_
LYNNE WELLS